UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAROL ANN RIVETTE,

       Plaintiff,

                               Civil Case No. 21-12605
v.                              Honorable Linda V. Parker

KILOLO KIJAKAZI, Acting
Commissioner of the Social
Security Administration,

       Defendant.

_____/

## OPINION AND ORDER

On November 5, 2021, Plaintiff filed this lawsuit challenging a final

decision of the Social Security Administration denying her application for social

security benefits.  (ECF No. 1.)  On the same date, this Court referred the lawsuit

to Magistrate Judge Anthony P. Patti for all pretrial proceedings, including a

hearing and determination of all non-dispositive matters pursuant to 28 U.S.C.

§ 636(b)(1)(A) and/or a report and recommendation ("R&R") on all dispositive

matters pursuant to 28 U.S.C. § 636(b)(1)(B).  (ECF No. 3.)  The parties

subsequently filed cross-motions for summary judgment.  (ECF Nos. 13, 20.)

On March 2, 2023, Magistrate Judge Patti issued an R&R recommending

that this Court deny Plaintiff's motion, grant Defendant's motion, and reaffirm the

decision finding Plaintiff not disabled under the Social Security Act.  (ECF No.

25.)  At the conclusion of the R&R, Magistrate Judge Patti advises the parties that they may object to and seek review of the R&R within fourteen days of service upon them.  (*Id.* at Pg ID 1432-33.)  After receiving an extension of time to do so, Plaintiff filed objections on March 30 (ECF No. 28), to which Defendant responded (ECF No. 29).

**Standard of Review**

When objections are filed to a magistrate judge's R&R on a dispositive matter, the court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  The court, however, "is not required to articulate all of the reasons it rejects a party's objections."  *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted).  A party's failure to file objections to certain conclusions of the report and recommendation waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987).  Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the court from its duty to independently review those issues.  *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

A federal court reviewing a disability determination of the Social Security Administration is obligated to affirm the decision finding a claimant not disabled "if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v.*

2

*Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)).  Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of HHS*, 25 F.3d 284, 286 (6th Cir. 1994)).  The federal court does "not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Rogers*, 486 F.3d at 247.

## Analysis

Plaintiff asserts two grounds to support the reversal of the decision finding her not disabled or a remand of the matter to the Social Security Administration: (1) the ALJ erred by failing to give controlling weight to the opinions of her treating physicians; and (2) the ALJ improperly reversed prior findings that Plaintiff could not perform her past relevant work.  (*See generally* ECF No. 13.)  Plaintiff raises 16 objections to Magistrate Judge Patti's analysis of these issues, all but one of which focus on the weight afforded to her treating physicians.

## Objection 1

Plaintiff maintains that, although correctly citing the "treating physician rule" applicable to her claim, Magistrate Judge Patti failed to properly apply the rule.  More specifically, Plaintiff argues that "[n]either the ALJ [n]or [] Magistrate Judge [Patti] cite even a single medical opinion to support the position that those occasional normal findings [i.e. that Plaintiff had normal reflexes, muscle strength, and range of motion] would be inconsistent with the medical restrictions of any of the five physicians."  (ECF

No. 28 at Pg ID 1444.)  Plaintiff further argues that the ALJ "interpret[ed] the raw medical data and substitute[d] her own medical judgment for the opinions of the physicians of record . . .."  (*Id.*)

Plaintiff cites no authority suggesting that Magistrate Judge Patti could find substantial evidence supporting the ALJ's decision only if a medical opinion supported that decision.  The Sixth Circuit has consistently and explicitly rejected the argument that an ALJ must elicit a medical opinion in formulating a claimant's residual functional capacity ("RFC").  *See Mokbel-Aljahmi v. Comm'r of Soc. Sec.*, 732 F. App'x 395, 401 (6th Cir. 2018) ("We have previously rejected the argument that a residual functional capacity determination cannot be supported by substantial evidence unless a physician offers an opinion consistent with that of the ALJ"); *Shepard v. Comm'r of Soc. Sec.*, 705 F. App'x 435, 442-43 (6th Cir. 2017) (rejecting the argument that "the ALJ's RFC lacks substantial evidence because no physician opined that [the claimant] was capable of light work" because "to require the ALJ to base her RFC on a physician's opinion, would, in effect, confer upon the treating source the authority to make the determination or decision about whether an individual is under a disability"); *see also Sparrow v. Comm'r of Soc. Sec.*, No. 15-cv-11397, 2016 WL 1658305, at *7 (E.D. Mich. Mar. 30, 2016) ("[T]he Commissioner is not obligated to base th[e] RFC upon a physician's RFC, or upon any particular piece of evidence.").  If the ALJ applied the proper legal standards and found "good reasons" for not affording controlling weight to the opinion of a treating physician, and substantial evidence supported those reasons, the federal court must affirm regardless of whether a separate medical opinion contradicted that of the treating physician.

4

Further, as both Defendant points out and discussed at length by Magistrate Judge Patti in the R&R, the ALJ did not rely only on the normal findings in the medical record when assessing the weight to accord the opinions of Plaintiff's treating doctors.  Instead, the ALJ considered the various factors set forth in the regulations.  20 C.F.R. § 404.1527(c).

Plaintiff also does not identify a single instance where the ALJ improperly interpreted raw medical data.  An administrative law judge does not interpret raw medical data when relying on physical examination findings such as that the claimant has normal gait, strength, motor range of motion, or neurological findings.  *See, e.g., Chamberlin v. Comm'r of Soc. Sec.*, No. 19-cv-10412, 2020 WL 2300240, at *3-4 (E.D. Mich. May 8, 2020) (explaining that such evidence "was not complicated diagnostic and/or highly-specialized medical data that requires professional training to interpret (e.g. MRIs, ultrasounds and other mechanized diagnostic testing"); *Cangialosi v. Comm'r of Soc. Sec.*, No. 13-cv-10210, 2014 WL 1260711, at *3-4 (E.D. Mich. Mar. 27, 2014) (holding that the ALJ permissibly discounted the treating physician's opinion based on "normal" physical findings, such as x-rays that were "normal" and normal gait, strength, motor, and neurological findings).  These are the same kinds of examination findings relied upon by the ALJ here when discounting the opinions of the treating physicians.  (*See* ECF No. 9 at Pg ID 493-95 (e.g., no neurological problems, good spinal movements, good power in legs, normal range of motion in arms and spine, normal or only slightly reduced range of motion, strength, sensation, and reflexes).)

<u>Objection 2</u>

Plaintiff next objects to Magistrate Judge Patti's conclusion that the ALJ properly discounted the opinion of Plaintiff's treating physician that Plaintiff could work only 20 hours per week because such a determination is reserved to the Commissioner.  Plaintiff distinguishes such an opinion from those where a physician states that the claimant is disabled or unable to work.

Plaintiff did not challenge this aspect of the ALJ's decision before her objections, however.  (*See* ECF No. 13.)  "[T]he Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate [judge]."  *Murr v. United States*, 200 F.3d 895, 902 n. 1 (6th Cir. 2000) (citing cases).  In any event, the opinion that Plaintiff could work only 20 hours a week—essentially that she could work only part-time—is an issue reserved for the Commissioner.  20 C.F.R. § 404.1520b(3)(iii) (issues reserved to the Commissioner include a claimant's ability to work or perform regular or continuing work); *Perry v. Acting Comm'r of Soc. Sec.*, No. 17-cv-13386, 2019 WL 759289, at *6 (E.D. Mich. Jan. 23, 2019) (acknowledging that the ability to work, full or part-time, is an opinion reserved to the Commissioner); *Gilbert v. Comm'r of Soc. Sec.*, No. 1:17cv144, 2018 WL 1417328, at *1 (S.D. Ohio Mar. 22, 2018) (physical therapist's "determination that Plaintiff was unable to do part-time sedentary work is unpersuasive as it is a legal conclusion reserved solely to the Commissioner");

*Cartwright v. Colvin*, No. 4:13CV-00098, 2014 WL 1248015, at *7 (W.D. Ky. Mar. 25, 2014) (same).

Objection 3

Plaintiff argues that Magistrate Judge Patti and the ALJ used 20 C.F.R. § 404.1527(c) "more as an obstacle course than as a means of weighing the medical opinions." (ECF No. 28 at Pg ID 1445.) For example, Plaintiff points out that the opinion of one treating physician was given little weight because he was not a specialist where another was given little weight because, although a specialist, he did not have a treating relationship with Plaintiff. (*Id.*) However, the ALJ did not give little weight to the opinions of these providers simply for those reasons. As Magistrate Judge Patti sets forth in extensive detail (*see* ECF No. 25 at Pg ID 1406-28), the ALJ considered the various factors set forth in § 404.1527(c), as she was obligated to do under the regulations. 20 C.F.R. § 404.1527(c) (identifying five specific factors "we consider . . . in deciding the weight we give to any medical opinion"); *Helm v. Comm'r of Soc. Sec. Admin.*, 405 F. App'x 997, 1000 (6th Cir. 2011) (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004)).

In short, not only was it proper for the ALJ to consider the treating relationship between Plaintiff and the physicians whose opinions the ALJ accorded non-controlling weight, the ALJ was required to do so. As Magistrate Judge Patti exhaustively explains in the R&R, the ALJ provided "good reasons" for not giving controlling weight to Plaintiff's treating physicians.

<u>Objection 4</u>

Plaintiff asserts in this objection:  "When assessing the weight to be given to the restrictions of the treating physicians . . . the ALJ's review of the physical findings repeatedly shrinks normal deep tendon reflexes, sensation and grossly normal range of motion[.]"  (ECF No. 28 at Pg ID 1446.)  It is unclear what Plaintiff means by "shrink[ing]" the normal findings.  Moreover, in this objection, Plaintiff does not articulate an error by Magistrate Judge Patti.  Thus, the Court finds Object 4 to be improper.  *See Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (explaining that "[t]he parties have the duty to pinpoint those portions of the magistrate [judge]'s report that the district court must specially consider") (internal quotation marks and citation omitted); *see also* E.D. Mich. LR 72.1(d)(1)(A) (explaining that objections must "specify *the part of the . . . recommendations or report* to which a person objects") (emphasis added).

<u>Objection 5</u>

Plaintiff takes issue with Magistrate Judge Patti's finding that it was valid for the ALJ to consider Plaintiff's intermittent symptoms when assessing her claim.  Plaintiff argues that treating physicians acknowledged that her impairments and resulting symptoms "tend to ebb and flow with improvement and then worsening at times" and thus found, that although not unable to work at all, Plaintiff would be unable to work four to ten days in a 30-day period.  Plaintiff points out that the vocational experts testifying at her hearings opined that such absenteeism would preclude her from performing her past work or the jobs she could otherwise perform in the national economy.

As Magistrate Judge Patti explained, however, it is relevant that Plaintiff's impairments and symptoms are intermittent because, to be found disabled under the Social Security Act, an impairment must have lasted or be expected to last for a 12-month *continuous* period.  (ECF No. 25 at Pg ID 1412-13 (citing 20 C.F.R. § 404.1529).)  Further, the ALJ provided good reasons for according little weight to the treating physicians' opinions concerning Plaintiff's expected absenteeism due to these intermittent impairments and symptoms.

### Objection 6

Plaintiff maintains that Magistrate Judge Patti did not adequately evaluate one of the reasons the ALJ provided for discounting the opinion of M. Sohail Jilani, M.D.—that being that the opinion was provided after Plaintiff's date last insured.  Plaintiff argues that the opinion was provided only 41 days after her date last insured and the doctor relied upon medical evidence preceding that date.  Magistrate Judge Patti acknowledged this.  (*See* ECF No. 25 at Pg ID 1419.)  However, Magistrate Judge Patti also pointed out that Dr. Jilani framed his opinion in the present tense.  (*Id.*)  More significantly, Magistrate Judge Patti correctly concluded that the ALJ provided several additional valid considerations for discounting Dr. Jilani's opinion.  (*See* ECF No. 9 at Pg ID 494.)

### Objection 7

Plaintiff objects to the ALJ's and Magistrate Judge Patti's reliance on her activities of daily living to undermine the restrictions identified by Dr. Jilani.  As

Magistrate Judge Patti indicated, the disparity between those activities and the

doctor's proffered limitations is "a somewhat weaker justification" for discounting

the doctor's opinion.  (ECF No. 25 at Pg ID 1420.)  Nevertheless, as Magistrate

Judge Patti further indicated, such a disparity is "properly considered[.]"  (*Id.*); *see*

*also* 20 C.F.R § 404.1529(c)(3)(i); *Blacha v. Sec'y of HHS*, 927 F.2d 228, 231 (6th

Cir. 1990) ("As a matter of law, an ALJ may consider household and social

activities in evaluating complaints of disabling pain); *Miller v. Comm'r of Soc.*

*Sec.*, 524 F. App'x 191, 194 (6th Cir. 2013) (finding that the ALJ "reasonably

explained" why little weight was given to physician's opinion when relying on the

claimant's daily activities which conflicted with the assessment).  Moreover, this

was only one of several factors provided by the ALJ for not deferring to Dr.

Jilani's opinion.  (*See* ECF No. 9 at Pg ID 494.)

<u>Objection 8</u>

Plaintiff begins this objection by quoting Magistrate Judge Patti's statement

that a reviewing court must not re-weigh the evidence and must uphold an ALJ's

decision if it is supported by substantial evidence, even if there is contrary

substantial evidence.  (ECF No. 28 at Pg ID 1449 (quoting ECF No. 25 at Pg ID

1422).)  Plaintiff then argues that "[i]n doing so, the Magistrate Judge allows [the]

ALJ . . . to violate the Treating Physician Rule by allowing the ALJ to substitute

her own medical treatment for that of the treating physician where the opinion of

the treating physician was supported by the medical evidence." (*Id.* at Pg ID

1450.)  There is no error in Magistrate Judge Patti's statement of the applicable

standard of review, however.  *See Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x

411, 414 (6th Cir. 2011) (quoting *Youghiogheny & Ohio Coal Co. v. Webb*, 49

F.3d 244, 246 (6th Cir. 19945)); *Cutlip v. Sec'y of HHS*, 25 F.3d 284, 286 (6th Cir.

1994).  Plaintiff fails to explain why or how, by heeding to this standard,

Magistrate Judge Patti allowed the ALJ to violate the treating physician rule.

"[I]ssues which are 'adverted to in a perfunctory manner, unaccompanied by some

effort at developed argumentation, are deemed waived.'"  *Kennedy v. Comm'r of*

*Soc. Sec.*, 87 F. App'x 464, 466 (6th Cir. 2003) (quoting *United States v. Elder*, 90

F.3d 1110, 1118 (6th Cir. 1996)).

<u>Objection 9</u>

Plaintiff's ninth objection relates to the opinion of treating physician

Birjitender Singh, M.D., that Plaintiff should not drive or work when using a

prescribed medication, Butalbital.  In June 2016, Dr. Singh prescribed Butalbital to

be used by Plaintiff "twice daily as needed[.]" (ECF No. 9 at Pg ID 1235.)  In

addition to noting that the medication was prescribed after Plaintiff's date last

insured, the ALJ found "no evidence that Dr. Singh intended the claimant to take

this medication on a continual basis because it is breakthrough rather than

preventative medication." (*Id.* at Pg ID 494.)  Plaintiff argues that even if she

needed the medication only four times a month, this would be consistent with another physician's opinion that Plaintiff would be absent from work at that rate.

In addition to questioning whether the "no drive, no work" warning constitutes a medical opinion entitled to the treating source rule (ECF No. 25 at Pg ID 1424), Magistrate Judge Patti found no evidence suggesting that Plaintiff was taking Butalbital with regularity such that it would preclude her from working four days a month. (*Id*. at Pg ID 1425.) Magistrate Judge Patti found that "Plaintiff simply hypothesizes" that *if* she took the medication once a week, that would preclude her from working four times a month and render her disabled. (*Id*.) Plaintiff offered no evidence with respect to how often she in fact needed to take the medication. "Such speculation[,]" Magistrate Judge Patti concluded, "is not enough for the Court to find that the ALJ improperly evaluated the opinion by Dr. Singh." (*Id*.)

Plaintiff continues to hypothesize or speculate in her objections, arguing that "Dr. Singh would not have prescribed the medication unless he expected Plaintiff to be taking the medication and would not have added the no work instruction unless it was medically likely Plaintiff would be experiencing the side effects." (ECF No. 28 at Pg ID 1450.) While presumably Dr. Singh expected Plaintiff to take Butalbital, it was prescribed on an "as needed" basis and Plaintiff has offered no evidence as to how often she regularly needed it. As such, any limitations

12

caused by the medication cannot be found to impact the work Plaintiff is capable of performing "on a regular and continuing basis."  Social Security Ruling 96-8p, 1995 WL 374184, *1 (July 2, 199) ("RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis[,]" meaning "8 hours a day, for 5 days a week, or an equivalent work schedule").  Moreover, the medicine was prescribed after Plaintiff's date last insured and therefore its side effects do not bear on her condition before that date. *See Wirth v. Comm'r of Soc. Sec.*, 87 F. App'x 478, 480 (6th Cir. 2003) (citing *King v. Sec'y of HHS*, 896 F.2d 204, 205-06 (6th Cir. 1990)) ("Post-expiration evidence must relate back to the claimant's condition prior to the expiration of her date last insured.").

<u>Objection 10</u>

What Plaintiff is claiming as error by Magistrate Judge Patti in this next objection relating to the opinion provided by Stephen Kaplan, M.D. is unclear.  In the objection, as she has elsewhere, Plaintiff claims the ALJ "cherry-pick[ed]" from the expert's opinion.  (ECF No. 28 at Pg ID 1451.)  What Plaintiff asserts with respect to Magistrate Judge Patti's R&R, however, is that "this [cherry-picking] poses no problem for the Magistrate Judge[.]"  (*Id*.)  Absent the

identification of a more specific error by Magistrate Judge Patti, the Court finds no merit to this objection.[1]

Objection 11

This objection also relates to Dr. Kaplan's opinion, specifically that Plaintiff would "benefit" from a sit/stand at will option.  (ECF No. 9 at Pg ID 532.) Plaintiff avers that the ALJ and Magistrate Judge Patti "had to torture the English language" to conclude that Dr. Kaplan was not opining on the necessity of such an option.  (ECF No. 28 at Pg ID 1452.)  However, this was not the only reason why the ALJ gave little weight to this portion of Dr. Kaplan's opinion.  (ECF No. 9 at Pg ID 495.)  The ALJ further concluded that "a sit/stand 'at will' option lacks specificity regarding the time for each activity at one time and is not supported by the record."[2]  (*Id.*)  Although finding that the first justification "serves as weak support," Magistrate Judge Patti concluded that the ALJ did not err in finding no support in the record for an at-will sit/stand option.  Plaintiff fails to challenge these additional reasons for not including an "at will" option to change positions,

---

[1] This Court agrees with Magistrate Judge Patti's analysis that substantial evidence supported the ALJ's treatment of Dr. Kaplan's opinion.  (*See* ECF No. 25 at Pg ID 1428-31.)

[2] Notably, the ALJ included in the RFC the need for Plaintiff to change positions every 30 minutes if standing or walking, or every 60 minutes if sitting.  (ECF No. 9 at Pg ID 487.)  The ALJ further included that "[t]he change of position should have been for five minutes while remaining on task."  (*Id.*)

particularly the strong argument that the option is unsupported by the medical record.

Objection 12

According to Plaintiff, Magistrate Judge Patti erred by failing to interpret Dr. Kaplan's testimony as opining that Plaintiff would likely miss four days of work per month due to her pain.  Plaintiff maintains that "Dr. Kaplan was uncomfortable expressing a specific number of days Plaintiff would miss monthly when he never examined or saw her but opined he would not dispute [that] the 4 days restriction of the other doctors was medically reasonable."  (ECF No. 28 at Pg ID 1453.)

Plaintiff's primary care doctor and physiatrist opined that she would miss four days of work per month.  When Plaintiff's counsel asked Dr. Kaplan at the administrative hearing for his opinion on the subject, Dr. Kaplan was unwilling to provide one, indicating first:

> Well, to tell you the truth, I don't ever feel confident making those kinds of predictions, particularly in light of the – the literature which says that significant number of people with this condition [fibromyalgia] can return to a workplace and particularly with, as I say, use of the behavioral modification techniques, that certainly could change within the years.  So I'm not comfortable telling you that for the next year or so, that that necessarily . . .

(ECF No. 9 at Pg ID 532-33.)  Dr. Kaplan further explained that, without examining Plaintiff, he did not feel that his "answer is necessarily a very significant one."  (*Id.* at Pg ID 533.)  When Plaintiff's counsel asked if Dr. Kaplan

15

would "dispute" the opinion of Plaintiff's treating doctors on the topic, Dr. Kaplan indicated that he would not.  (*Id.* at Pg ID 534.)

In her questions, the ALJ pointed out that there was not a similar opinion offered by Plaintiff's treating rheumatologist and then asked Dr. Kaplan if it mattered to him whether the opinion was from a primary care physician as opposed to a rheumatologist.  (*Id*. at Pg ID 535.)  Dr. Kaplan indicated that "it does matter because rheumatologists tend to be a little more demanding . . . [they] encourage[] people to be more active than they otherwise might be."  (*Id.*)

The above testimony makes clear that it was not Dr. Kaplan's opinion that Plaintiff would miss work four or more days per month due to her pain.  In fact, Dr. Kaplan seemed to be suggesting that with behavioral modifications, it was likely that Plaintiff would be able to work continuously.  Dr. Kaplan's unwillingness to dispute the opinions of two treating physicians does not mean that he concurred in or adopted their opinions.  Further, the ALJ was not required to give the opinions of Plaintiff's treating physicians more weight simply because Dr. Kaplan was unwilling to dispute those opinions.  As discussed above, the ALJ gave good reasons for discounting the opinions.

<u>Objection 13</u>

Plaintiff asserts a similar objection with respect to the questioning of Dr. Kaplan regarding the same treating physicians' opinions regarding Plaintiff's need

16

for unscheduled rest breaks.  Dr. Kaplan indicated that he would not dispute the

opinions but added that "with the treatment today . . . it's possible that within a

year, she might be able to not be –have to do that."  (*Id.* at Pg ID 534.)  Again, this

is not a ringing endorsement of the treating doctors' opinions that should have led

the ALJ to give them controlling weight.  Nor did Dr. Kaplan offer this restriction

as a limitation he would find.

Objection 14

It is unclear what objection Plaintiff is asserting to the R&R here.  She

begins by quoting Magistrate Judge Patti's proper recitation of the law—that being

that a federal court does not reweigh the evidence.  (ECF No. 28 at Pg ID 1454

(quoting ECF No. 25 at Pg ID 1431).)  Plaintiff then asserts that "[w]hile the

Magistrate Judge may not want to 're-weigh' the evidence, he is obligated to

review the medical evidence to see if the ALJ follow[ed] the Treating Physician

Rule and the Social Security Regulations on which it is based."  (ECF No. 28 at Pg

ID 1454.)  Yet Plaintiff fails to articulate in this objection how Magistrate Judge

Patti neglected to analyze the rule or regulations.  Vague, general, or conclusory

objections are improper, will not be considered by the reviewing court, and are

"tantamount to a complete failure to object."  *Cole v. Yukins*, 7 F. App'x 354, 356

(6th Cir. 2001) (quoting *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)) ("[A]

general objection to a magistrate [judge]'s report, which fails to specify the issues

17

of contention, does not satisfy the requirement that an objection be filed.  The

objections must be clear enough to enable the district court to discern those issues

that are dispositive and contentious.").

<u>Objection 15</u>

Two prior ALJs concluded that Plaintiff was unable to perform her past

relevant work.  (ECF No. 9 at Pg ID 61, 676-77.)  After those decisions were

remanded, either by the Appeals Council or a federal district judge, a third ALJ

concluded that Plaintiff was able to perform her past relevant work as a

merchandise manager.  (*Id.* at Pg ID 496-97.)  The third decision is the one now

before this Court for review.

Plaintiff argues that the ALJ was required to adopt the findings of the

previous two ALJs.  Magistrate Judge Patti found it unnecessary to address

Plaintiff's argument, concluding that any error at this step was harmless because

Plaintiff was found disabled at the next and final step.  (ECF No. 25 at Pg ID

1432.)  Plaintiff now maintains that Magistrate Judge Patti needed to address her

argument because, due to the change in her age category while this litigation was

pending, she would be disabled—albeit with a later onset date—if unable to

perform her past relevant work, even if she was found capable of performing entry-

level sedentary work.

The third ALJ to review Plaintiff's claim, however, was not required to adopt the findings of the previous ALJs whose decisions were remanded.  *Wireman v. Comm'r of Soc. Sec.*, 60 F. App'x 570, 571 (6th Cir. 2003) (addressing a similar scenario where the claimant's claim for benefits was remanded multiple times and holding that the last ALJ to review the claim was not required to adopt the findings from earlier remanded, and thus non-final, decisions).  Plaintiff relies on *Drummond v. Commissioner of Social Security*, 126 F.3d 837 (6th Cir. 1997), and *Dennard v. Secretary of Health and Human Services*, 907 F.2d 598 (6th Cir. 1990), to argue that the ALJ was required to adopt the previous findings.  However, as the Sixth Circuit explained in *Wireman* when distinguishing *Drummond*, such "reliance is misplaced."  *Wireman*, 60 F. Appx at 571 (internal citation omitted). This is because *Drummond*, and the same is true with *Dennard*, "addressed the question of when a claimant has filed two different applications and the ALJ's decision on the first application has become final."  *Id*.; *see also Dennard*, 907 F.2d at 598-99.  Decisions which are vacated, in comparison, never became final and therefore are not binding.  *Wireman*, 60 F. App'x at 571; *see also Kearney v. Colvin*, 14 F. Supp. 3d 943, 949-50 (S.D. Ohio 2014) (explaining that "[a]n ALJ's decision on the merits of a disability application does not become final and binding if the Appeals Council vacates that decision and remands the matter for further proceedings").

Thus, even if the ALJ's step five analysis did not render her argument irrelevant, the argument lacks merit.

<u>Objection 16</u>

Plaintiff asserts that Magistrate Judge Patti did not address her claim that the ALJ failed to include any social interaction limitations in the RFC, contrary to the instructions in the Appeals Council's remand order.  Plaintiff argues that the ALJ provided no rationale for concluding that Plaintiff could do her past work despite such limitations, where that work required near constant interaction with co-workers and the public.

The RFC, which limited Plaintiff to work with "frequent interaction with supervisors, coworkers, and the public"[3]—as opposed to "constant interaction"[4]—addressed the finding that she had a moderate limitation in social functioning.

---

[3] "Frequent" is defined as "occurring from one-third to two-thirds of the time." *See* Social Security Ruling 83-10, Titles II and XVI: Determining Capability to Do Other Work – The Medical-Vocational Rules of Appendix 2, 1983 WL 31251, at *6 (1983) ("SSR 83-10").

[4] While "constant" is not defined in the regulations, courts interpret it to mean "two-thirds or more of time."  *See, e.g., Nutter v. Saul*, No. 1:19-cv-70, 2019 WL 11215664, at *8 (N.D. W. Va. Oct. 21, 2019), *report and recommendation adopted* 2020 WL 5513414 (Sept. 14, 2020) (citing *Haro v. Colvin*, No. CV 13-09319, 2014 WL 4929032, at *7 (C.D. Cal. Sept. 30, 2014)); *Masterson v. Berryhill*, No. 3:16-cv-01300, 2017 WL 3575525, at *3 (S.D. Cal. Aug. 18, 2017); *Dussault v. Colvin*, No. 15-cv-441, 2017 WL 633352, at *3 (D.N.H. Feb. 16, 2017) (citing 2 Dictionary of Occupational Titles app. C, at 1013 (4th ed.1991); *Gilbert v. Astrue*, Civ. No. 06-99-B-W, 2007 WL 951388 (D. Me. Mar. 27, 2007), *report and recommendation adopted*, 2007 WL 1266682 (Apr. 30, 2007)).

Moreover, as the ALJ documented, treatment notes reflected that Plaintiff's anxiety improved, she was cooperative, and did not allege trouble getting along with others or authority figures.  (ECF No. 9 at Pg ID 486.)  Plaintiff also regularly went grocery shopping and attended church services, her son's activities, and doctor appointments.  (*Id.*)  Plaintiff fails to demonstrate any error in the ALJ's finding that she could frequently interact with supervisors, coworkers, and the public.  Plaintiff also offers no evidence to support her contention that the jobs she was found capable of performing with her RFC require "constant interaction." (ECF No. 28 at Pg ID 1457.)

### Conclusion

For these reasons, the Court rejects Plaintiff's objections to Magistrate Judge Patti's R&R.  The Court therefore adopts the recommendations in the R&R.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for summary judgment (ECF No. 13) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment (ECF No. 20) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Commissioner of Social Security's

decision finding Plaintiff not disabled under the Social Security Act is

**AFFIRMED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: July 20, 2023